**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| YASET G.A.,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, Attorney General; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement; DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement; and JOEL BROTT, Sherburne County Jail,<br><br>Respondents. | Case No. 26-CV-4350 (NEB/DTS)<br><br>ORDER ON PETITION FOR HABEAS CORPUS |

---

This matter is before the Court on Petitioner Yaset G.A.'s Amended Petition for a Writ of Habeas Corpus. (ECF No. 7 ("Pet.").) Yaset G.A. is a citizen of Cuba who entered the United States at least three years ago after a grant of humanitarian parole. On September 8, 2026, ICE took Yaset G.A. into custody.

Yaset G.A. filed a habeas action challenging his detention. Because Yaset G.A.'s detention violates due process, the Court grants the petition in part and orders Respondents to provide a bond hearing.

## ANALYSIS

### I. Due Process

Yaset G.A. primarily argues that he is entitled to release because his re-detention after having been granted humanitarian parole into the United States violates due process. (Pet.) He asserts that Respondents were required to afford him a greater level of pre-deprivation process by determining before detaining him again that there were changed circumstances that made him a flight risk or danger. (Pet. ¶ 54.) The Court concludes that Respondents were not required to afford Yaset G.A. any greater level of pre-detention process before affecting his arrest. The record shows that Respondents arrested Yaset G.A. pursuant to a Form I-200 Warrant for Arrest of Alien. (ECF No. 9-4.) Yaset G.A. does not point to any statute or regulation requiring Respondents to grant him a pre-detention hearing. To the contrary, 8 C.F.R. § 212.5(b)—cited by Yaset G.A.—states that parole status is automatically terminated "at the expiration of the time for which parole was authorized" and that "no written notice shall be required." The record shows that Yaset G.A.'s parole expired on September 1, 2025. (ECF No. 7-1 at 7.) Respondents have therefore fulfilled their statutory and regulatory obligations to lawfully detain Yaset G.A., and the Court is not convinced that Yaset G.A.'s initial arrest and detention was unlawful such that release is the proper remedy.

That said, as to whether Respondents may now continue detaining Yaset G.A. through his removal proceedings, the Court has already concluded that petitioners similarly situated to him have an important liberty interest—freedom from physical restraint—that is protected by the Due Process Clause.[1] *Felipe S.P. v. Blanche*, No. 26-CV-

[1] Likewise, the Court has already concluded that precedent does not foreclose these constitutional challenges to detention. *Felipe S.P.*, 2026 WL 1911656, at *4–6

2212 (NEB/DJF), 2026 WL 1911656, at *2 (D. Minn. July 2, 2026).[2] Detention is a "constitutionally permissible" part of removal proceedings. *Demore v. Kim*, 538 U.S. 510, 531 (2003). But when detention implicates a protected liberty interest, it must serve a constitutionally acceptable purpose. *See Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024). Ensuring appearance at future immigration proceedings and limiting threats to public safety are interests that can justify detaining noncitizens like Yaset G.A. *Felipe S.P.*, 2026 WL 1911656, at *4. As in *Felipe S.P.*, the Court assesses Yaset G.A.'s due process claim using the balancing framework from *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Felipe S.P.*, 2026 WL 1911656, at *7. This framework weighs: (1) the private interest affected by government action; (2) the risk of erroneous deprivation of that interest based on the current procedures, and the probable value of additional or other procedural safeguards; and (3) the government's interest, "including the function involved and the fiscal and administrative burdens" of additional process. *Mathews*, 424 U.S. at 335.

***Private interest.*** Yaset G.A.'s interest in being free from detention is fundamental and essential to his liberty. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Over the course of his three years living in the United States, Yaset G.A. has worked, paid taxes, and established a community. (Pet. ¶¶ 2, 27, 31.) These roots strengthen his private interest. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) (stating that noncitizens "who have established connections in this country have due process rights in deportation proceedings"); *United States v. Verdugo-Urquidez*, 494 U.S. 259, 271 (1990) (explaining that

---

(distinguishing *Demore v. Kim*, 538 U.S. 510 (2003); *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024); and *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020)).

[2] The parties disagree whether Yaset G.A. is being detained under 8 U.S.C. § 1225(b)(2) or § 1226. The Court need not decide this issue, because a bond hearing is warranted under either provision.

noncitizens "receive constitutional protections when they have come within the territory of the United States and developed substantial connections with this country"). The first *Mathews* factor weighs strongly in Yaset G.A.'s favor.

***Risk of erroneous deprivation.*** Yaset G.A.'s detention must be reasonably related to its intended purpose. *Zadvydas*, 533 U.S. at 690 (reiterating that detention must bear a reasonable relation to its purpose). Thus, detaining Yaset G.A. without an individualized bond hearing assessing his flight and security risks poses a danger of a mistaken or unjustified deprivation of liberty. *E.g.*, *Rodriguez v. Frink*, 823 F. Supp. 3d 678, 689–90 (S.D. Tex. 2026); *Bonilla Chicas v. Warden*, 821 F. Supp. 3d 782, 798 (S.D. Tex. 2026); *Chavero v. Bondi*, 818 F. Supp. 3d 836, 844–45 (W.D. Tex. 2025). But Yaset G.A. has not been provided with any opportunity to challenge whether his detention serves those purposes; conversely, the probable value of a bond hearing assessing these facts is substantial. Yaset G.A. does not appear to have a violent criminal history, nor do Respondents argue that his criminal history creates a security or flight risk. *Restrepo v. Jamison*, 823 F. Supp. 3d 529, 543 (E.D. Pa. 2026) ("Where, as here, the Government has not alleged circumstances that would indicate that [petitioner] poses a danger to the community or is a flight risk, the risk of an erroneous deprivation is higher."). The second *Mathews* factor weighs in favor of Yaset G.A.

***Government interest & burden.*** The government has a strong interest and discretion in enforcing immigration law. *Muñoz*, 602 U.S. at 911–12; *Reno v. Flores*, 507 U.S. 292, 305 (1993) ("Over no conceivable subject is the legislative power of Congress more complete.") (citation modified). Accordingly, the Court weighs "heavily" that "control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature." *Landon v. Plasencia*, 459 U.S. 21, 34 (1982). Even so, Respondents have not shown that providing a bond hearing is a burden that

outweighs Yaset G.A.'s private interest and the risk of erroneous deprivation; it is not obvious that a bond hearing is particularly burdensome. *Abdirashid H.M. v. Noem*, No. 25-CV-4779 (JRT/EMB), 2026 WL 127698, at *5 (D. Minn. Jan. 9, 2026) ("[A] bond hearing would impose minimal, if any, financial or administrative burden on Respondents."). Any burden that a bond hearing may impose does not outweigh Yaset G.A.'s strong private interest. *Id.* On balance, the *Mathews* factors weigh in favor of Yaset G.A., and due process requires that he receive a bond hearing.

The Court therefore grants his petition in part, and orders that Respondents provide a bond hearing. In reaching this conclusion, the Court does not predict the outcome of Yaset G.A.'s bond hearing. It does not decide whether Yaset G.A. is or is not a flight risk or whether he does or does not pose a danger to the community. The Court does not concern itself with the answers to those questions. But the Constitution requires that Respondents give Yaset G.A. a process by which to contest those determinations. Without it, his detention violates the Fifth Amendment.

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner Yaset G.A.'s Amended Petition for Writ of Habeas Corpus (ECF No. 7) is GRANTED IN PART and DENIED IN PART; and

2. Respondents are ordered to provide Yaset G.A. with a constitutionally adequate bond hearing no later than one week from the date of this order.

3. Respondents are further ordered that, should the bond hearing result in Yaset G.A's release, they must release him from custody:

   a. Inside the State of Minnesota;

   b. At a safe time and place communicated in advance to counsel; and

   c. With all Yaset G.A.'s personal effects in Respondents' possession, such as driver's license, immigration papers, passport, cell phone, and keys;

4. If Yaset G.A. does not receive a constitutionally adequate bond hearing within a week of this order, Respondents are ordered to immediately release Yaset G.A. from custody subject to the same conditions described in No. 3, above.

5. The remainder of Yaset G.A.'s Petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 2, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge